UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| A Better Way to Buy, Inc., *an Ohio Corporation*, | No. 23-cv-3745 (KMM/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Ashley Furniture Industries, LLC, | |
| Defendant. | |

---

After removing this case from state court to this Court, Defendant Ashley Furniture Industries, LLC ("Ashley") moved to compel arbitration of the parties' dispute and stay this case pending the outcome of the arbitration. The Court granted Ashley's motion on September 26, 2024, finding that the case must go to arbitration and be stayed during the course of that arbitration. Dkt. No. 48. Although Ashley prevailed on the motion, it now comes to Court "***request*[*ing*] *an emergency in-person Rule 16 status conference*." Def.'s Letter 1, Dkt. No. 51 (emphasis in original). The nub of the matter is that Ashley prefers to arbitrate the parties' dispute in Florida, whereas the Plaintiff, A Better Way to Buy, Inc. ("A Better Way") prefers to arbitrate in Minnesota. In fact, both sides have initiated separate arbitrations in their preferred fora. Ashley states that it requests the emergency Rule 16 status conference to obtain "guidance" from the Court "on two issues: (A) Florida being the appropriate forum for any arbitration; and (B) consolidation [of its Florida arbitration with the] arbitration proceeding in Minnesota." *Id.*

1

Ashley's request is denied. Generally, courts do not interfere with ongoing arbitration proceedings by making interlocutory rulings about the arbitration, and once litigants have been ordered to arbitration, courts confirm, vacate, or modify awards upon the conclusion of the private proceeding. *In re Universal Fund Tel. Billing Practices Litig.*, 370 F. Supp. 2d 1135, 1138–39 (D. Kan. 2005) (explaining that "the FAA does not authorize the court to interfere with ongoing arbitration proceedings by making interlocutory rulings concerning the arbitration"); *see also Hillbery v. NU Skin Enterprises United States, Inc.*, No. 2:21-CV-00464-TC-JCB, 2023 WL 4160570, at *2 (D. Utah June 23, 2023) (rejecting a party's "erroneous[] assum[ption] that federal district courts have unfettered supervisory authority over arbitration proceedings"). In addition, the Court has already decided that the parties' contract delegates threshold questions of arbitrability to the arbitrator, and "[w]here to arbitrate is a question of arbitrability. . . ." *Lupo Futures, LLC v. Wedbush Secs., Inc.*, No. 24 C 2826, 2024 WL 3493877, at *4 (N.D. Ill. July 22, 2024) (quoting *INTL FCStone Fin., Inc. v. Jacobson*, No. 19 C 1438, 2019 WL 2356989, at *4 (N.D. Ill. June 4, 2019)).

In sum, the Court has already compelled arbitration and stayed this case at Ashley's request. Ashley has not now demonstrated that this Court's supervisory authority extends to resolving the current disagreement between the parties over where the arbitration should take place. Nor has Ashley shown that it is without recourse to arbitration procedures to resolve the parties' dispute. This disagreement, like others, should be raised to the arbitrators.

**IT IS SO ORDERED**.

Date: February 4, 2025                    *s/Katherine Menendez*
                                                            Katherine Menendez
                                                            United States District Court